## SUSQUEHANNA POWER COMPANY v. STATE TAX COMMISSION OF MARYLAND. (No. 2.)

No. 369. Argued March 20, 1931.—Decided April 13, 1931.

Mr. *William Clarke Mason,* with whom *Messrs. Stevenson A. Williams, Frederick R. Williams,* and *A. Allen Woodruff* were on the brief, for appellant.

*Messrs. William L. Marbury, Jr.,* Assistant Attorney General of Maryland, and *Charles H. MacNabb,* with

whom *Mr. William P. Lane, Jr.,* Attorney General, was
on the brief, for appellee.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on appeal, § 237 Jud. Code, as amended
by Act of January 31, 1928, from a judgment of the Court
of Appeals of Maryland, 159 Md. 359; 151 Atl. 39, up-
holding an order of appellee, the State Tax Commission,
which fixed an assessment on the capital stock of appel-
lant, for 1929 taxation, at $6,000,000.

The assessment was made under the provisions of Art.
81, §§ 154, 163, 166 and 166-A of the Maryland Code.
Sections 163, 166 and 166-A impose a tax on the capital
stock of every domestic corporation, which " shall be col-
lected from " the corporation, and which, when paid, may
be charged to stockholders, and is a lien upon their stock.
At the time of the adoption of § 163, corporations were
exempt from taxation on their real and personal property;
but § 163 provided that " in no case shall the stock of any
corporation, in the aggregate, be valued at less than the
full value of the real estate and chattels, real or personal,
held by or belonging to such corporation."   Direct taxa-
tion of real property of domestic corporations was restored
by Laws, 1896, c. 120, § 1 (2); and by § 166-A, *supra,* it
was provided that in assessing the stock of corporations for
taxation, the taxable value should be ascertained by de-
ducting the assessed value of the corporation's real estate
from the aggregate value of all its stock.

Appellant is a Maryland corporation, and has been
granted a license by the Federal Power Commission.  Act-
ing under it, it has constructed a dam on the Susquehanna
River, in connection with which it has established and is
operating a power project.  See *Susquehanna Power Co.* v.
*State Tax Commission,* No. 368, *ante,* p. 291.  All its
shares of capital stock are owned by the Philadelphia

Electric Power Company, a Pennsylvania corporation, with its only place of business in that commonwealth. The report of appellant to the Commission for the assessment of its capital stock showed its gross assets to be $46,821,885.28, of which its tangible personal property was not less than $6,000,000; its total liabilities $41,954,-998.92, and its net worth $4,866,886.36. The order of the Commission fixed the aggregate value of the capital stock at $28,726,132, from which it deducted $22,726,132, the assessed value of its real estate, leaving $6,000,000 as the assessed value of the stock.

Appellant challenges the taxing statute, as applied, on the ground that it violates the due process clause of the Fourteenth Amendment, because the assessed valuation required by it is arbitrary and excessive, and because it imposes a tax on intangible shares of stock owned by a nonresident, which have a situs, for purposes of taxation, only at the owner's residence. Appellant also assails the statute on the ground that, as the assessed value of the capital stock includes a value attributable to the license granted to appellant by the Federal Power Commission, the tax is on a federal instrumentality, which the Constitution impliedly forbids.

The Court of Appeals of Maryland, in upholding the assessment, pointed out that it did not exceed the value of appellant's tangible personal property within the State, and that the tax was in lieu of any direct tax on that property; and sustained it as an indirect tax on the property. It said, 159 Md. at p. 366, 151 Atl. at p. 42:

" There is in this State no direct tax on the personal property of the corporation, Code Art. 81 sec. 163, and the value of the real estate upon which there is a direct tax, is deducted from the aggregate value of both its real and personal property before its stock is finally valued for assessment. So that the final assessment of the shares in

so far as it represents tangible property includes no part of the value of the real estate but is based upon the value of the personal property alone . . ." ". . . under the amended law the value of the real property was excluded for the valuation of its stock, and that valuation represented only the tangible and intangible personal property of the corporation, without regard to any liens thereon. And since it could have taxed such property directly without reference to such liens there is no valid reason why it may not be taxed indirectly through appellant's capital stock, on an assessment made without reference to liens or debts, for in neither case would the corporation be called upon to pay taxes upon more than the assessable value of its property. And there is no possible basis for the contention that the method adopted subjects any of the corporate property to double taxation. For under it the realty is subjected only to direct taxation, and the personal property only to indirect taxation, based in both instances on the fair value of the property taxed."

The tax was thus sustained on an adequate state ground, and it is unnecessary to consider the objections made to it on constitutional grounds. None of them is directed at the statute viewed, as the state court has construed it, as imposing a tax on the personal property of appellant. Nor is it necessary on this record to consider how far any objection made may be availed of by the nonresident stockholder, in the event of an attempted enforcement of the provisions of the statute which authorize the tax to be charged to stockholders, and create a lien upon the stock.

The objection that the property used by appellant in its power project is a federal instrumentality, is not specifically raised on this record; but it was considered and rejected in *Susquehanna Power Company* v. *State Tax Commission, supra.*

*Dismissed.*